UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DONTRELL L. GORDON, SR.,

                Plaintiff,

v.

THOMAS GENS, ROBERT HUMPHREYS,
HAYLEV PUKER, BRIAN FOSTER,
RYON CASEY, and JANE/JOHN DOE,

                Defendants.

Case No. 11-CV-703-JPS

ORDER

        The plaintiff, Dontrell L. Gordon, Sr., a Wisconsin state prisoner, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. He is proceeding in forma pauperis on a claim that the defendants retaliated against him after he filed grievances regarding harassment by defendant Thomas Gens ("Gens"). The defendants have filed a motion for summary judgment for failure to exhaust administrative remedies, which will be addressed herein.

1.     Summary Judgment Standard

        "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Ames v. Home Depot U.S.A., Inc.*, 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

2. Facts

    2.1    Complaint Allegations

The plaintiff alleges that on August 19, 2010, defendant Gens pulled his shirt up and showed the plaintiff a rose tattoo on Gens' shoulder. The plaintiff objected to Gens showing him his body in that manner and he informed Gens that it violated his religious beliefs. Gens subsequently harassed the plaintiff and again showed him the tattoo. In addition, the plaintiff's cell was repeatedly searched. The plaintiff claims that the defendants retaliated against him for filing an inmate complaint and writing a letter to the Warden about Gens' harassment. The retaliation included: more harassment; leading the plaintiff to believe he would be hired for a job and, after he worked for over nine weeks on the job without pay, giving it to someone else; failing to interview the plaintiff after he submitted an inmate complaint; and, issuing him a conduct report.

2.2    Facts[1]

The plaintiff was confined at Kettle Moraine Correctional Institution (KMCI) at all times relevant. Defendant Haylev Pucker ("Pucker") was employed by the Department of Corrections as a Program Support Supervisor and back-up Institution Complaint Examiner (ICE) at KMCI at all times relevant.

On September 9, 2010, the plaintiff submitted an offender complaint in which he complained about multiple issues with sergeants and captains, including Sergeant Gens searching his cell and taking his dish soap and other medical creams. The ICE returned this offender complaint to the plaintiff on September 15, 2010. The ICE indicated that the plaintiff's complaint materials were being returned because, pursuant to Wis. Admin. Code § DOC 310.09(1)(e), complaints shall contain only one issue and that issue shall be clearly identified, and because the complaint contained multiple issues with sergeants and captains.

The plaintiff resubmitted the Offender Complaint and indicated: "The issue is plain. Sgt. Gens is wrong in his actions. Also, it don't have many issues and this complaint is in the guidelines of D.A.I 301.00.01." (Pucker Aff. ¶ 8, Ex. 1003 at 1-3). Defendant Pucker noted that the plaintiff resubmitted the offender complaint containing multiple issues with different staff and that it was initially returned to him for this reason on September 15, 2010. The plaintiff then sent it to the Warden via U.S. Mail, along with a letter describing how staff returned his complaints, including this one, to him directing him to follow the chain of command. In this complaint's case, it

---

[1] This section is taken from the Defendants' Proposed Findings of Fact, which are undisputed.

was returned because it contained multiple issues with different security staff. The Warden received the inmate's complaint and a letter with it on September 24, 2010, and, after reviewing it, gave it to the ICE for processing. It was noted that the plaintiff sent the Warden the same complaint without making any corrections to it so that it no longer contained multiple issues. Pucker noted that, while the ICE office must accept a complaint when the inmate refuses to follow the direction of the ICE, there was no requirement for the ICE to investigate when an inmate refuses to cooperate. In this case, the plaintiff was directed to resubmit the complaint with only one clear issue pursuant to the Wis. Admin. Code § DOC 310.09, but he refused to do so. Therefore, Pucker recommended that offender complaint KMCI-2010-19969 be dismissed on September 27, 2010. Based on the findings and recommendation of the ICE, Warden Robert Humphreys dismissed KMCI-2010-19969 on September 27, 2010. The plaintiff did not appeal the dismissal of KMCI-2010-19969 to the Corrections Complaint Examiner.

The plaintiff submitted an offender complaint on February 27, 2011, which was received by the ICE's office on March 8, 2011. He complained about "injustice to the rules by Sgt. Gens" and how he was working two jobs on the unit and not getting hired or being paid. The ICE returned this offender complaint to the plaintiff on March 8, 2011. The ICE indicated that the plaintiff's complaint materials were being returned because, before the complaint would be accepted, he needed to attempt to resolve the issue by contacting Lieutenant Hoffman, Unit Case Supervisor, pursuant to Wis. Admin. Code § DOC 310.09(4). The ICE also directed the plaintiff to provide the ICE office with written documentation of his attempts to resolve the issue as directed. The plaintiff did not resubmit this offender complaint.

The plaintiff did not file any offender complaints alleging that the defendants retaliated against him for complaining about Sergeant Gens' harassment in showing the plaintiff his tattoo.

3. Analysis

The defendants contend the court should dismiss this case because the plaintiff failed to exhaust his administrative remedies. According to the defendants, the plaintiff did not exhaust his administrative remedies with regard to his claim that the defendants retaliated against him for filing an inmate complaint and a letter to the warden about defendant Gens' harassment in showing the plaintiff his rose tattoo.

The plaintiff contends that he exhausted his claim alleging he was retaliated against and harassed for filing complaints against Gens and the court should deny the defendants' motion for summary judgment. According to the plaintiff, his KMCI-2010-19969 gave sufficient notice that he was being subject to retaliation and harassment, and yet, the complaint investigator continued sending it back claiming multiple issues rather than rejecting the complaint under Wis. Admin. Code § DOC 310.119(5)(c).

The Prison Litigation Reform Act provides in pertinent part:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is a condition precedent to suit. *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002) (citing *Perez v. Wis. Dep't of Corrs.*, 182 F.3d 532, 535 (7th Cir. 1999)). Section 1997e applies to "all inmate suits about prison life, whether they involve general

circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion is an affirmative defense, and the burden of proof is on the defendants. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (citing *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004)).

The Inmate Complaint Review System (ICRS) within the Wisconsin prisons is the administrative remedy available to inmates with complaints about prison conditions or the actions of prison officials. Wis. Admin. Code § DOC 310.01(2)(a). The Wisconsin Administrative Code specifically provides that before an inmate may commence a civil action, the inmate shall exhaust all administrative remedies that the Department of Corrections has promulgated by rule. Wis. Admin. Code § DOC 310.05. The ICRS is available for inmates to "raise significant issues regarding rules, living conditions, staff actions affecting institution environment, and civil rights complaints." Wis. Admin. Code § DOC 310.08(1).

In order to use the ICRS, an inmate must file a complaint with the ICE within fourteen days after the occurrence giving rise to the complaint. Wis. Admin. Code §§ DOC 310.07(1) & 310.09(6). Complaints submitted later than fourteen days after the event may be accepted for good cause. Wis. Admin. Code § DOC 310.09(6). After reviewing and acknowledging each complaint in writing, the ICE either rejects the complaint or sends a recommendation to the "appropriate reviewing authority." Wis. Admin. Code §§ DOC 310.11(2) & 310.11(11). The appropriate reviewing authority makes a decision within ten days following receipt of the recommendation. Wis. Admin. Code § DOC 310.12. Within ten days after the date of the decision, a complainant dissatisfied with a reviewing authority decision may appeal

that decision by filing a written request for review with the Corrections Complaint Examiner (CCE). Wis. Admin. Code § DOC 310.13(1). The CCE reviews the appeal and makes a recommendation to the Secretary of the Department of Corrections. Wis. Admin. Code § DOC 310.13(6). The Secretary may accept, adopt, or reject the CCE's recommendation, or return the appeal to the CCE for further investigation. Wis. Admin. Code § DOC 310.14(2).

In this case, the plaintiff's September 9, 2010, offender complaint did not complain about the alleged retaliation. Rather, the offender complaint was one of the reasons the defendants allegedly retaliated against him. Even if the offender complaint had complained about the retaliation, it was not accepted because it did not comply with the Wis. Admin. Code § DOC 310.09(1)(e), which provides that offender complaints shall contain only one issue. The plaintiff disagrees with this assessment and, thus, instead of editing his offender complaint to comply with the rules, he resubmitted the same offender complaint which was designated KMCI-2010-19969. The ICE, defendant Pucker, recommended dismissal of the complaint because it did not comply with the rules, and Warden Humphreys dismissed it on September 27, 2010, on that basis. Similarly, the plaintiff's offender complaint submitted on February 27, 2011, was returned to him with instructions to attempt to resolve the issue first under Wis. Admin. Code § DOC 310.09(4). He did not resubmit this offender complaint.

The PLRA exhaustion requirement requires "proper exhaustion," meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines. *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006); *see also Pozo v. McCaughtry*, 286

F.3d 1022, 1025 (7th Cir. 2002) ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require"). The undisputed facts reveal that the plaintiff did not exhaust any inmate complaint related to his retaliation claim. Hence, this case must be dismissed for failure to exhaust administrative remedies. This case will, therefore, be dismissed without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

The plaintiff filed a motion to compel answer or entry of default on February 1, 2012. For the reasons stated in the court's order of January 26, 2012, this motion will be denied.

Accordingly,

IT IS ORDERED that the defendants' motion for summary judgment for failure to exhaust administrative remedies (Docket #12) be and the same is hereby GRANTED;

IT IS FURTHER ORDERED that the plaintiff's motion to compel answer or entry of default (Docket #21) be and the same is hereby DENIED; and,

IT IS FURTHER ORDERED that this case be and the same is hereby DISMISSED without prejudice.

The clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 30th day of May, 2012.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge